272 C. & D. T. ROAD CO. *v.* C., D. & P. RY. CO., Appellants.

Syllabus—Opinion of the Court.                    [217 Pa.


Chester & Darby Telford Road Company *v.* Chester, Darby & Philadelphia Railway Company, Appellants.

*Street railways—Turnpike road company—Contract—Mandatory injunction.*

A court of equity will by mandatory injunction enforce specific performance of a contract between a street railway company and a turnpike road company, so as to compel the former to lay its tracks at the height and in the location specified in the contract, and to construct a solid and smooth surface between the track and the improved portion of the road as stipulated in the contract.

Where such a contract provides that the external portion of the track shall be placed twenty feet from and parallel with the center line of the Telford portion of the road, except in running over or under bridges, or where it must of necessity be less than twenty feet, and it appears that the tracks were laid at one point in the center of the road, and it also appears that in many places the outside rail was laid with the knowledge and acquiescence of the turnpike company eighteen feet from the center line, the court will only enjoin the removal of the tracks only at the point where they were placed in the center of the road.

Argued Feb. 11, 1907. Appeal, No. 231, Jan. T., 1906, by defendant, from decree of C. P. Del. Co., Dec. T., 1899, No. 167, on bill in equity in case of Chester & Darby Telford Road Company v. Chester, Darby & Philadelphia Railway Company, Union Railway Company and Chester Traction Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Decree modified and affirmed.

Bill in equity for an injunction. Before JOHNSON, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*W. B. Broomall*, for appellants.

*Frank R. Savidge*, with him *O. B. Dickinson*, for appellee.

OPINION BY MR. JUSTICE FELL, March 11, 1907:
The bill in this case was to enjoin the defendant and its les-

sees from maintaining the tracks of its electric railway on the plaintiff's roadway in violation of the agreement under which permission to lay them had been obtained.   The Chester & Darby Telford Road Company, prior to 1893, constructed a telford road on the main highway between Chester and Darby. The general width of the highway was sixty feet, but in places it was only fifty feet wide.   The improved part thereof was in the center and was eighteen feet wide.   By agreement between the parties in April, 1893, the railway company was granted permission to lay tracks upon the road subject to the restrictions : (1) that the external portion of the track, which should be single with necessary turnouts, should be placed twenty feet from and parallel with the center line of the telford portion of the road "except in running over or under bridges or where it must of necessity be less than twenty feet, subject to the approval of the Telford Road Company; and the rail adjoining the center line thereof shall be placed at a point which is in alignment with and in conformity to what would be a proper continuation of the existing camber of the telford road;" (2) "The surface between the rails and that part of the roadway lying between the present telford portion and the track as placed shall be solid, presenting an even and smooth surface, and shall be constructed and maintained with stone or such other material as may be approved by the directors of the Telford Road Company."

The complaint of the bill is that the road was constructed in disregard of the agreement, in that the track was placed too high, the part of the roadway between the tracks and the telford portion of the road has not been made solid and smooth, by reason whereof the natural drainage and the system of drainage adopted by the telford company have been interfered with, and at the foot of Darby Hill in the borough of Darby the track was laid in the middle of the road instead of on the side as provided by the agreement.   The court found that the complaint was established by the testimony, and entered a decree prohibiting the maintenance of the track at any part of the road higher than it should be to align with and properly continue the camber of the road ; requiring the removal of the track to the side of the road in the borough of Darby and elsewhere, and requiring the making of the surface between

274  C. & D. T. ROAD CO. *v.* C., D. & P. RY. CO., Appellants.

Opinion of the Court.                              [217 Pa.:

the rails and that part of the roadway between the track and the telford portion of the road solid, with an even and smooth surface; and generally to carry out all the covenants and conditions of the agreement.

We have no disposition to interfere with this decree except to modify it in one particular. While the bill was not filed for six years after the track had been laid, there was never an acquiescence by the telford company to the elevation of the track and the failure to make a hard, smooth surface between the track and the improved part of the roadway. These were the subjects of constant complaint on the one hand and of unperformed promises on the other. The attitude of the telford company throughout has been tolerant and just. It has not insisted upon a literal, but only upon a reasonable and substantial compliance with the agreement. It has not insisted that the track should be made to conform to the minor undulations of its road, but that it should be so placed as not to interfere with proper drainage, essential to the preservation of its road.

The respect in which the decree seems to be too broad is in requiring the removal of the track not only at the foot of Darby Hill, but " elsewhere " " upon the side of the turnpike in accordance with the terms of the agreement." If by this it is meant that on the whole length of the road the outside rail is to be placed a distance of twenty feet from the center line of the turnpike, it imposes a burden on the railway company that is unreasonable and inequitable. In many places the outside rail was laid eighteen feet from the center line. This was done with the knowledge and apparent acquiescence of the president of the telford company, who for it supervised the construction, and of other officers of the company. As far as we know it was not made the subject of complaint at any time and it is not mentioned in the body of the bill, although referred to in one of the prayers for relief. The agreement allowed some latitude in this regard by the exception as to distance " in running over or under bridges or where of necessity it has to be less than twenty feet." This slight variation in distance having been made without objection and acquiesced in, if not authoritatively approved, a strict compliance with the letter of the agreement, which would subject the lessees of

the railway to great loss and inconvenience without corresponding advantages to anyone, should not now be exacted.

The words "and elsewhere" are struck from the second paragraph of the decree, and in all other respects the decree is affirmed at the cost of the appellant.