UNION TYPEWRITER CO. v. L. C. SMITH & BROS. TYPE-
WRITER CO. et al.

(Circuit Court of Appeals, Third Circuit. September 21, 1910.)

No. 57 (1,350).

1 PATENTS (§ 136*)—VALIDITY—DOUBLE PATENTING.
    Where the claims of a patent are narrower than the real invention,
    the error or mistake cannot be corrected by inserting the broader claims
    in a subsequent patent for improvements on the first, but only by a re-
    issue.
    . [Ed. Note.—For other cases, see Patents, Dec. Dig. § 136.*]

2. PATENTS (§ 328*)—ANTICIPATION—DOUBLE PATENTING—TYPEWRITER.
    The Daugherty patent, No. 481,477, for a typewriter, is, as stated in
    the application, for improvements in the construction of parts of the
    machines described in patents Nos. 457,258 and 470,990 to the same
    patentee; but claims 37 and 38, introduced by amendment, are not for
    such improvements, but are for combinations disclosed in said patent
    No. 470,990, and void for anticipation thereby.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by the Union Typewriter Company against L. C. Smith & Bros. Typewriter Company and E. N. Price. Decree for defendants (173 Fed. 288), and complainant appeals. Affirmed.

H. D. Donnelly and Clarence P. Byrnes, for appellant.

James A. Watson and Livingston Gifford, for appellees.

Before LANNING, Circuit Judge, and BRADFORD and Mc-PHERSON, District Judges.

LANNING, Circuit Judge. The following are conceded facts in this case:

On May 2, 1890, James D. Daugherty filed an application for a patent for improvements in typewriting machines. On June 1, 1891, he voluntarily canceled certain of the claims then standing in the application, giving notice in his letter of cancellation that the canceled claims would be made the subject of a divisional application within a few days. On June 9, 1891, the divisional application was filed, in which he said:

"I do not make any claim in this application to the pivoted shifting frame carrying the type-bars, whereby either the upper or lower case of type are brought to the printing point, as this is made the subject-matter of my pending application filed May 2, 1890."

The divisional application was allowed in patent No. 457,258 on August 4, 1891. The remaining claims of the application filed May 2, 1890, appeared in patent No. 470,990, which was allowed March 15, 1892, and in which claims a pivoted shifting frame carrying type-bars is an element. It is to be noted, however, that the two claims 37 and 38, hereinafter quoted, were not included in 470,990, notwithstanding Daugherty, as early as January 21, 1892, in an interference proceeding on his application for 470,990, had been found by the Patent Office to be entitled to them.

On March 8, 1892, just a week before patent 470,990 was allowed, Daugherty filed an application for another patent for improvements in typewriting machines, containing 53 claims. It was sworn to on March 4, 1892. In it he said:

"My invention relates to typewriting machines, and it consists in certain improvements in the construction of the parts shown and described in patents No. 457,258, dated August 4, 1891, and No. 470,990, dated March 15, 1892, both of which are granted to me."

How the date of allowing patent 470,990, or its number, came to be inserted in the application, does not appear, nor is it material. The application also contained the following language:

"The type-bar shifting frame, 12, has its outer ends pivoted between vertical lugs, which extend from opposite sides of the base, A, and which is shifted at its inner end for the purpose of bringing the proper character at the outer end of the type-bars, 9, to the printing point, as fully described and shown in the said patents [that is, in patents 457,258 and 470,990]. *The type-bars, 9, each carry several characters and are of the same construction substantially as that shown and described in the said patents* [that is, patents 457,258 and 470,990], *as are also the key levers, 14, neither of which need*

*therefore be more fully or particularly referred to in this application, as they form no part of the present invention."*

On April 26, 1892, more than a month after patent 470,990 had been allowed, Daugherty eliminated from the application the above italicized sentence. On July 9, 1892, nearly three months after patent 470,990 had been allowed, and after the 53 claims of the application filed March 8, 1892, had been reduced by rejections and cancellations to 36 in number, Daugherty eliminated from the application the words, "as fully described and shown in the said patents," with which the sentence immediately preceding the italicized sentence ends, and substituted therefor the following:

"The frame differs radically from that described in said patents, in that a shifting frame pivoted between its ends is not herein used for carrying the type, but the type are carried by the frame, 12, which is pivoted at its outer end in this instance, and has its inner free end shifted by means of a lever, H, and arm, J, as before described."

With the amendment containing this last-mentioned elimination, Daugherty also added two wholly new claims. The amendment was verified by his supplemental oath, because, as he said, "the claims presented were not originally in the case." These two claims, being 37 and 38, appeared with the other 36 claims in patent No. 481,477, allowed August 23, 1892. They are the claims, and the only claims, now in suit. They read as follows:

"37. In a typewriter, the combination, with a series of individual pivoted type-bars carrying two or more type, of a vertically shifting frame for sustaining said bars and suitable means for shifting said frame to bring either of the type in proper position to make an impression.

"38. In a typewriter, the combination, with a series of type-bars provided with two or more type, of a vertically shifting frame for sustaining said type-bars concentrically, a series of key levers connected with said type-bars, and a series of keys for operating said levers."

From these conceded facts it will be observed:

1. That in his divisional application, which ripened into patent 457,-258, Daugherty disclaimed a pivoted shifting frame carrying the type-bars, saying that such a claim was the subject-matter of the application which subsequently ripened into patent 470,990.

2. That in his patent 470,990 there are claims which include such a pivoted shifting frame, though claims 37 and 38 were omitted therefrom.

3. That when the application for patent 481,477 was first filed it declared that the pivoted type-bar shifting frame therein mentioned was fully described and shown in patents 457,258 and 470,990, and that the type-bars and key levers therein mentioned were substantially of the same construction as those of said patents, and that the type-bars and key levers formed no part of the invention described in the application for patent 481,477.

4. That after the application for patent 481,477 was first filed, and after patent 470,990 had been allowed, the application for patent 481,-477 was amended in such manner as to include what had not before been claimed therein, by changes in the specification and by adding claims 37 and 38.

Daugherty admits that all the elements of these two claims are found in patent 470,990. The complainant's counsel, also, in their brief, say:

"There can be no doubt that these claims, taken in their plain ordinary meaning, cover broadly the forms shown in both Daugherty patents; they embody the broad combination disclosed in both these patents and in defendants' machine, and could properly be drawn in either."

With these concessions before us, we think the decree of the Circuit Court should be affirmed. The combinations of the claims in suit were disclosed in the proceedings for patent 470,990, issued to the same inventor nearly three months before the claims in suit were filed. We think it was too late then to amend the specification in the application for patent 481,477 in such manner as to open the way for adding claims 37 and 38. The application for 481,477 was not a divisional application of 470,990. It was for improvements in the construction of certain parts of 470,990. Up to July 9, 1892, reference was made in the application for 481,477 for the construction and method of operation of the type-bar shifting frame to patents 457,258 and 470,990, where, it was said, they were "fully described and shown," and the type-bars and key levers were declared to "form no part of the present invention." The interjection into the application for 481,477, on July 9, 1892, of claims 37 and 38 for combinations to effect certain methods of type action, was recognized by Daugherty as an amendment not within the scope of his application as filed on March 8, 1892, for otherwise he would not have accompanied it with his supplemental oath. These claims, properly interpreted, are not for "improvements in the construction of the parts shown and described in patents No. 457,258, dated August 4, 1891, and No. 470,990, dated March 15, 1892," but are, as both Daugherty and the counsel for the complainant admit, for combinations disclosed in patent 470,990. Indeed, we think the Circuit Court has correctly concluded "that the claims of the patent in controversy, upon any such reading of them as is contended for, are inclusive of claims 1 and 2 of No. 470,990." See opinion of that court, 173 Fed. 288. If the claims of 470,990 were narrower than Daugherty's real invention, or if claims 37 and 38 were omitted from that patent by mistake, the error or mistake should have been corrected in a reissue. It cannot be corrected, as we understand the patent law, by inserting the broader claims to which he might have been entitled on a reissue of 470,990 in a patent for improvements in the construction of certain parts of 470,990.

We think the decree of the Circuit Court should be affirmed, with costs; and it is so ordered.