STATE EX REL. FREDERICK P. BRADFORD v. DISTRICT COURT NINETEENTH JUDICIAL DISTRICT AND OTHERS.[1]

August 4, 1939.

No. 32,209.

*Frederick P. Bradford* and *Schwartz & Lifson,* for petitioner.
*O'Brien & Kronebusch,* for respondents.

[1]Reported in 287 N. W. 491.

646

PER CURIAM.

Original proceeding for a writ of prohibition against the district court of the nineteenth judicial district, for Pine county, the judge thereof, and others, to forbid proceeding with the determination of the right of Wallace & Tiernan Company, Inc. to have satisfaction out of the levy made under an execution issued upon a judgment rendered in its favor against International Sewer & Ice Company, January 1, 1938, in Ramsey county, for $1,324.23, such levy having been made October 6, 1938, upon the judgment rendered October 3, 1938, in the district court of Pine county in favor of International Sewer & Ice Company for $1,670.82 and against the village of Pine City.

From the petition and respondents' return the following appears: In an action brought in the district court of Pine county, this state, by the International Sewer & Ice Company against the village of Pine City, a judgment for $1,670.82 was rendered October 3, 1938, in favor of the company and against the village. H. H. Fryberger, attorney for the company, on due notice, claimed an attorney's lien on the judgment; and on June 3, 1939, judgment for such lien in the amount of $548.42 was rendered. This judgment was assigned to Wallace & Tiernan Company, Inc. June 7, 1939. Prior to this time, on October 6, 1938, Wallace & Tiernan Company, Inc. levied upon the judgment of $1,670.82, obtained by International Sewer & Ice Company against the village of Pine City, under an execution issued upon a judgment rendered January 1, 1938, in the district court of Ramsey county in favor of Wallace & Tiernan Company, Inc. for $1,324.23. It also appears that the Chicago Pump Company, on July 7, 1938, obtained a judgment in the district court of Ramsey county for $312.12 against the International Sewer & Ice Company, upon which an execution having been returned wholly unsatisfied, said Chicago Pump Company caused a summons and complaint to be served August 12, 1938, upon the judgment debtor, with an order to show cause why a receiver should not be appointed to take charge of the property and assets of said judgment debtor, the International Sewer & Ice Company. By order of June 13, 1939, petitioner was appointed such receiver. In anticipation of different claims against the judgment of $1,670.82, entered against the village of Pine City, it, upon an order to show cause, duly served on petitioner and Wallace & Tiernan Company, Inc., was permitted, on June 5, 1939, to pay the judgment to the clerk of the district court of Pine county for the use or benefit of those rightfully entitled thereto. Thereafter, on June 20, 1939, the court, on application of Wallace & Tiernan Company, Inc. issued an order to show cause, on June 30, 1939, why the clerk of the district court of Pine county should not pay the $1,670.82, so deposited to Wallace & Tiernan

Company, Inc. to satisfy the judgment it holds and the assigned attorney's lien. Petitioner, instead of submitting to the district court of Pine county his claim to this money on deposit with the clerk of that county, obtained permission from the district court of Ramsey county to bring suit against the clerk of the district court of Pine county and others, and also procured from this court the alternative writ of prohibition.

To us it seems clear that the above recited facts call for a denial of petitioner's request for a writ of prohibition. Such writ is an extraordinary remedy, not to be used where there is an adequate remedy by appeal or *certiorari*. 5 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 7842. The district court of Pine county unquestionably had jurisdiction to enter the judgment in favor of the International Sewer & Ice Company for $1,670.82 against the village of Pine City in the action there pending, and also to determine and enter judgment in favor of H. H. Fryberger, the attorney for the judgment creditor, for $548.42 as a lien upon the first mentioned judgment. Wallace & Tiernan Company, Inc. have acquired Mr. Fryberger's lien on the $1,670.82 judgment, and also as a judgment creditor of International Sewer & Ice Company levied an execution thereon two days after its entry to satisfy a judgment against the International Sewer & Ice Company for $1,324.23. In that situation, the village of Pine City applied to the court for permission to pay the judgment into court, or rather to pay the amount to the clerk of the court for the use of the claimants, subject to the order of the court. All parties now making claim to this judgment had notice of the application and apparently made no objection to the court's order permitting the village so to discharge the judgment rendered against it. Petitioner certainly could present his claim to the court when served with the order to show cause upon the application of Wallace & Tiernan Company, Inc. why the clerk of the district court of Pine county should not pay the deposit to apply on the execution levied. If the court should err in any respect in deciding between the claim of petitioner and Wallace & Tiernan Company, Inc. the error can be corrected on appeal or *certiorari*.

Petitioner contends that by the service on the president of International Sewer & Ice Company on August 12, 1938, of the proceeding to appoint a receiver, the district court of Ramsey county obtained exclusive jurisdiction of all the assets and property of the company, although no attempt was made to appoint a receiver until June 13, 1939, months after the levy made by Wallace & Tiernan Company, Inc. This is a matter for the trial court to decide. The general rule is that the right and title vests in the receiver as of the time of his appointment. 53 C. J. p. 105, §§ 128 and 129. A careful examination of State ex rel.

Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155, shows a similarity if the district court of Ramsey county should on the relation of petitioner have undertaken to enjoin the respondents from proceeding with the order to show cause set for June 30, 1939.

This record is entirely silent as to how the sequestration proceeding remained dormant from August 12, 1938, until June 13, 1939. (This may turn out to be an important matter of fact in reaching a conclusion as to whether or not the levy, October 6, 1938, of the execution of Wallace & Tiernan Company, Inc., under its judgment against International Sewer & Ice Company against the village of Pine City, is superior to the rights of petitioner appointed as such months after such levy.) And this court ought not to determine the legal questions that may be involved in advance of a proper finding of facts by the court below.

The writ of prohibition is denied and the proceeding dismissed.

Mr. Justice Stone took no part.
Mr. Justice Hilton, being incapacitated by illness, took no part.