MYRON CONKLIN

*vs.*

THE COUNTY COMMISSIONERS OF FILLMORE COUNTY.

For an injury to a town or community, a resident of the town or member of the community, cannot maintain an action in his individual capacity. If he has suffered special damages, he has a right of action.

The plaintiff, a freeholder and resident of the town of Bloomfield, in Fillmore county, filed his petition in this Court, setting out, among other things, substantially, that the commissioners of said county had granted the petition of certain parties praying that a certain road, which ran diagonally across certain sections in said town, be changed so that it would run upon the section lines; that the road thus to be changed was wholly within said town; that said road was of great convenience to the petitioner and other citizens of said town; "that the proposed change not only lengthens the distance to be traveled in passing from the south part of said town, but passes over land harder to travel, work and keep in repair, and that public convenience and necessity are opposed to said change." It charges that the proceedings of the commissioners were "erroneous and without authority," and asks that they may be certified to this Court, " and that the same may be quashed." Upon the filing of said petition a writ of certiorari was duly

Milner et al., v. Norris et al.

issued, directed to said commissioners, commanding them to certify their said proceedings to this Court. Upon the return of said writ a hearing was had.

C. G. RIPLEY for Petitioner.

J. Q. & J. D. FARMER for Respondent.

*By the Court.*—WILSON, Ch. J.—I think the plaintiff has not a right to prosecute this action. He does not show or pretend that he is damnified more, or otherwise, than any other resident of the town near or over whose land the road is laid, or who ordinarily travels on the road. The change complained of is not on or near his land. The injury—if any—is to the community, not to him in his individual capacity, and it is for them, not for him, to redress it; and the remedy pointed out must be pursued.

If one member of the community in his individual capacity has a remedy for such an injury, so has every other member. To permit this would be intolerable, and contrary to all precedent or reason.

This objection cannot properly be passed over in silence.

Writ is quashed.