HADFIELD, Respondent, vs. BARTLETT and another, imp., Appellants.

*September 25 — October 12, 1886.*

*Specific performance: Injunction against interference with possession, and against other suits.*

At about the time of the commencement of an action to compel specific performance of an alleged agreement to sell land, brought by one who was in possession claiming under such agreement and had made improvements, the vendor conveyed the land to another person, and a lessee of the latter afterwards took forcible possession of the premises and, when the defendant attempted to go thereon, brought an action of trespass against him in justice's court. *Held*, that an injunctional order was properly granted, restraining said grantee and his lessee from interfering with plaintiff's possession, and from further prosecuting said action of trespass, and from bringing other similar actions, until the determination of the action for specific performance.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to enforce specific performance of an agreement for the sale and conveyance of land, alleged to have been made by the defendant Helen M. Skelton. In an amended and supplemental complaint it is alleged that the action was commenced on May 15, 1886, and that on that day, after the action was commenced, the said defendant Helen M. Skelton made a pretended sale of the land to the defendant *Eliza Bartlett*, and executed a conveyance to her, which was duly recorded on the same day; that said *Bartlett* knew, at the time, of the sale to this plaintiff and his possession of the premises, and that the conveyance to said *Bartlett* was made for the purpose of defrauding this plaintiff and preventing him from enforcing such agreement of sale; that the defendant *Knight* is occupying the house on the premises, claiming the right to do so under a lease from said *Bartlett*, and refuses to deliver possession of said house

to the plaintiff, and threatens to bring suit after suit against the plaintiff if he retains possession of the balance of the premises; and that at the time of taking such pretended lease said *Knight* knew of the plaintiff's rights in the premises. It does not appear whether the agreement for the sale of the premises to the plaintiff was oral or in writing.

Upon such amended complaint and upon an affidavit by the plaintiff,— affidavits by the defendant being filed in opposition,— an injunctional order was granted restraining the defendants *Bartlett* and *Knight* from interfering with the plaintiff's possession of the barn on the premises and his ingress and egress to and from the same, and restraining *Knight* from prosecuting further an action of trespass brought by him in justice's court against the plaintiff herein, and restraining *Knight* and *Bartlett* from bringing other actions against the plaintiff relating to the possession of said barn, until the hearing and determination of this action. The facts shown by the affidavits used on the application for such order will appear from the opinion. The defendants *Bartlett* and *Knight* appealed from the order.

For the appellants there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan,* and oral argument by *Mr. Sloan.* They contended, *inter alia,* that an injunction should not have been granted in aid of the possession of real property, where the rights of the party applying therefor were not clearly established, and where no irreparable injury was threatened. High on Inj. (2d ed.), secs. 4, 22, 28, 34, 354, 361, 701, 1574; Hilliard on Inj. (2d ed.), 14; *Sherwood v. Vliet,* 20 Wis. 441; *Schæffler v. Schwarting,* 17 id. 30; *Menasha v. M. & N. R. Co.* 52 id. 414; *Olmstead v. Loomis,* 6 Barb. 152; *Crocker v. Baker,* 3 Abb. Pr. 182; *Junesville Bridge Co. v. Stoughton,* 1 Pin. 667; *Stræbe v. Fehl,* 22 Wis. 338; *Lenz v. Charlton,* 23 id. 478; *Smith v. Oconomowoc,* 49 id. 694.

*Frank M. Hoyt,* for the respondent.

ORTON, J. About the 22d day of April, 1886, one H. T. Skelton, the husband of Helen M. Skelton, one of the defendants, acted as her agent, and agreed to sell to the respondent the premises in question, belonging to her, for the sum of $6,500, and the sum of $150 was paid down, and the balance was to be paid about the 15th day of May following, and a deed to be executed therefor. The said Helen M. Skelton was informed of said sale on the 2d day of May, and she did not repudiate the same until the 14th of May following; but then informed said respondent that she would not sell the premises for that price, and that her said husband had no authority to sell the same for her, and on the same day she contracted to sell the premises to the appellant *Eliza Bartlett* for $7,000; and on the next day, ·about the same time of the commencement of this action and the filing of the *lis pendens*, she made to said *Bartlett* a deed. About the time of the sale to the respondent he went into full possession of the premises, except a house on the front end of the lot, and repaired the barn at a cost of $200, and laid a sewer on the premises at considerable cost, and was in the peaceable and notorious possession, and had property in said barn, when the appellant *Knight*, about the 18th day of May, broke open said barn, removed and changed the locks thereon, and took forcible possession of the premises, and retains and withholds them from the respondent; and, when the respondent attempted to go into said barn, he had him arrested and prosecuted for trespass. Said *Knight* occupied the house on said premises as lessee of said Helen M. Skelton, and said house was to be delivered to the respondent on said 15th day of May by said contract of sale. The appellant *Eliza Bartlett*, who occupies the adjoining premises, instigated the acts of said *Knight* in taking such forcible possession of the barn and premises other than the house, and in prosecuting said respondent for trespass. The respondent tenders the purchase money with his said suit, and demands a conveyance.

These facts so appear substantially in the complaint and affidavits filed on the motion for an injunction. On that motion of respondent the circuit court granted an injunction restraining said defendants *Knight* and *Bartlett* from taking possession of said barn and premises, and from prosecuting said trespass suits during the pendency of this action. From that order the defendants have appealed.

Most clearly, the defendant did a great wrong in intruding into the possession of said barn and premises after the commencement of the suit for specific performance of the contract. The merits of that suit cannot be determined on such a motion, or on this appeal. The complaint charges that the said Helen M. Skelton made with him (the plaintiff) said contract of sale, and received said $150, and is silent as to the agency of her said husband in the matter; and his complaint is duly verified. It is in the affidavit of said Helen M. Skelton only that such agency appears. What the plaintiff may be able to prove on the trial cannot yet be known. It would seem to have been a most proper case where the matters ought to have remained *in statu quo* after the suit was brought until after its determination. The respondent was in peaceable possession under his contract, and should not have been disturbed. The plaintiff shows, by his complaint, a *prima facie* right to specific performance, and therefore it is a proper case for an injunction. Fry on Spec. Perf. sec. 769. The trespass suits certainly ought to have been enjoined, for bringing such suits in another court, involving an inquiry into the merits of the case pending in the circuit court, is transferring the litigation to another court. High on Inj. (2d ed.) sec. 48; *Smith v. Finch,* 8 Wis. 251. The granting of the injunction was within the sound discretion of the circuit court, and, on the facts, we cannot say that in doing so such a discretion was abused.

*By the Court.*— The order of the circuit court is affirmed.