## L. P. WHITEMAN v. FAYETTE FUEL-GAS CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued January 9, 1891—Decided January 19, 1891.

(*a*) A contract between a natural-gas company and the owner of a glass works provided that the former should supply gas for fuel to the latter, "for all purposes connected with the manufacture of the wares aforesaid, . . . . so long as natural gas may continue to be produced from the territory now or hereafter owned or operated by" the former, "its successors or assigns : "

1. On a bill averring that, relying on the contract, the plaintiff's works

Statement of Facts.

had been constructed for the use of natural gas only as fuel, and that the company had shut off the entire supply while the works were in operation, endangering loss incapable of accurate adjustment, it was error to refuse a preliminary injunction mandatory to the extent of restoring the status quo.*

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No 94 January Term 1891, Sup. Ct.; court below, No. 161, C. P. in Equity.

On October 28, 1890, Lewis P. Whiteman filed a bill in equity against the Fayette Fuel-Gas Co., in which it was in substance averred:

That the plaintiff was engaged in the business of manufacturing flint-glass ware in the city of Cumberland, Md., and that, by reason of inducements offered by the defendant, a corporation organized and engaged in the business of supplying natural gas, the plaintiff transferred his business to Uniontown, Pa., where he had since been conducting the same as the Warren Glass Works. That the plaintiff, relying in good faith upon the defendant's representations, on May 9, 1888, entered into a written contract with the defendant, a true copy of which was presented as an exhibit, and thereupon the plaintiff constructed and put in active operation at Uniontown, a flint-glass manufactory adapted to the use of natural gas only as fuel; that, in pursuance of said contract, the defendant supplied natural gas for fuel to the plaintiff, and that said manufactory could not be changed so as to use any other fuel, without great and permanent loss to the plaintiff, incapable of accurate measurement. That the nature of the plaintiff's said business was such that in the construction of his furnaces certain pots and linings were necessary, which, as well as the glass, required a steady and uniform heat, in order to produce said flint-glass, and that a failure or interruption of the supply of the said heat resulted in the breaking of the said pots and linings, as well as injury to the material itself, causing damages

---

* Cf. Thompson Glass Co. v. Fuel-Gas Co., 137 Pa. 317; Black Lick Co., v. Saltsburg Gas Co., ante 448, and especially the contracts with the gas companies.

by the stoppage and interruption, and an outlay to renew and repair again. That the flow and supply of the said natural gas in the wells and territory of the defendant was and always had been sufficient, from the time of the said contract, for all the purposes of said contract; yet, while the plaintiff was carrying on his said business at Uniontown, to wit, on October 27, 1890, the defendant, without any just or reasonable excuse and in violation of the said contract, turned off the supply of natural gas from the plaintiff's works, and refused to furnish the same to the plaintiff, as in justice and right the defendant was bound to do.

Upon the foregoing and other averments, the prayers of the bill were, in substance :

1, 2. For an injunction, preliminary and perpetual, restraining the defendant from shutting off from the plaintiff's works the supply of natural gas which theretofore flowed through and from the defendant's lines from October 1, 1888, to October 25, 1890, and from diminishing the supply, diverting it to other persons, or interfering with the said flow to the plaintiff's furnaces, etc.

3. For a mandatory order, directing the defendant to restore the connections of said lines supplying the plaintiff's manufactory, so that the said flow of gas to said manufactory shall be immediately restored as it was before October 25, 1890.

4. For the appointment of a master to ascertain damage, and

5. For further relief.

The contract, presented as an exhibit, was as follows

" This agreement, made this 9th day of May, A. D. 1888, by and between the Fayette Fuel-Gas Company of Uniontown, Pennsylvania, for itself, its successors and assigns, and Lewis P. Whiteman, of Cumberland, Maryland, Witnesseth: That for and in consideration of the location and operation by said Lewis P. Whiteman of a glass works, of a capacity to begin with of not less than fourteen pots, for the manufacture of flint-glass ware upon the land this day secured for him for that purpose, the said Fayette Fuel-Gas Company, for itself, its successors and assigns, agrees to furnish to said Lewis P. Whiteman, his heirs, successors and assigns, natural gas for all purposes connected with the manufacture of the wares aforesaid, for the price or sum of three hundred dollars per annum

Statement of Facts.

so long as natural gas may continue to be produced from the territory now or hereafter owned or operated by the said Fayette Fuel-Gas Company, its successors or assigns; said sum of three hundred dollars to be paid in four equal payments of seventy-five dollars each at the end of each quarter. It is further understood and agreed by the parties hereto, that this agreement is in the shape of and meant to be a guaranty, upon the part of the said Fayette Fuel-Gas Company to the said Lewis P. Whiteman, to furnish him with natural gas for the purposes aforesaid, at a price or sum not to exceed three hundred dollars per annum so long as sufficient gas for said purposes may be produced by the territory now or hereafter owned by the party of the first part, its successors or assigns, and that an agreement in detail as to such supply of gas is to be hereafter executed upon such terms and conditions, and in such form of words as to protect the rights of each of the parties hereto."

Affidavits read at the hearing of a motion for a preliminary injunction, averred:

That prior to October 25, 1890, the furnace of the plaintiff's glass works was heated by coal and gas supplied by the defendant company; that the glory holes and leers were heated by natural gas supplied from the defendant's lines, and owing to their construction they were not adapted to the use of any other kinds of fuel; that about 5 o'clock, P. M., of Saturday, October 25, 1890, nearly all the supply of gas was shut off by the defendant, and on Monday, October 27th, the entire supply was shut off, and was still shut off from plaintiff's works; that, at the time of said shut-off there were in said furnace fourteen pots, full of glass, liable to be injured; to the great damage of the plaintiff, incapable of being accurately ascertained or measured in a suit at law.

After argument, the court, INGHRAM, P. J., without opinion filed, made the following order:

October 28, 1890, this bill, with injunction affidavits and bond in $5,000, presented to me at chambers, and after argument on both sides preliminary injunction refused.*

---

* It was stated in the appellant's paper-book, that the preliminary injunction was refused on the ground that, the gas having been turned off before the bill was presented, the court then had no power to grant it.

Thereupon the plaintiff took this appeal, assigning the said order for error.

*Mr. Edward Campbell* (with him *Mr. A. D. Boyd* and *Mr. R. E. Umbel*), for the appellant.

Counsel cited: Commonwealth v. Railroad Co., 24 Pa. 159; Sandford v. Railroad Co., 24 Pa. 378, 380; Dummer v. Chippenham, 14 Ves. 252; 2 Morawetz on Corp., §§ 1114, 1129; Hill on Trustees, 488; Kerr on Injunctions, 230; 1 Chitty, Pl., 612–614; Audenried v. Railroad Co., 68 Pa. 375; Brightly's Eq., § 293; Bispham's Eq., 3d ed., § 400; Cooke v. Boynton, 135 Pa. 102; Baptist Cong. v. Scannel, 3 Gr. 48; 1 High on Injunctions, §§ 2, 708, 804, 860; 2 Idem, §§ 1150, 1158, 1331; Webb v. Portland Mfg. Co., 3 Sumn. 190; Tyler v. Wilkinson, 4 Mas. 400; Townsend v. McDonald, 2 Kern. 381; 2 Story's Eq., §§ 901, 926, 927; Angell on Watercourses, § 449, 450; Durrell v. Pritchard, 11 Jur., N. S., 576; L. R. 2 Ch. 244; Rankin v. Kuskisson, 4 Sim. 13; London Co. v. Tennant, L. R. 9 Ch. App., 212, 219; Berkeley v. Smith, 27 Gratt. 892.

*Mr. S. L. Mestrezat*, for the appellee.

Counsel cited: High on Injunctions, § 14; Machine Works v. Railway Co., 20 N. J. Eq. 379; Washington University v. Green, 1 Md. Ch. 97; New York Estab. v. Fitch, 1 Paige 97; Bosley v. Canal Co., 3 Bland 65; Attorney General v. Railroad Co., 2 Green H. W. 136; Waring v. Cram, 1 Pars. 526; Hill v. Commissioners, 1 Pars. 501; Lehigh C. & N. Co. v. Railroad Co., cited in Audenried v. Railroad Co., 68 Pa. 376; Farmers' R. Co. v. Railway Co., 53 Pa. 225; Brown's App., 62 Pa. 21; Mammoth Coal Co.'s App., 54 Pa. 183; Thompson Glass Co. v. Fuel-Gas Co., 137 Pa. 317.

PER CURIAM:

The decree is reversed at the costs of the appellee, and it is now ordered that a preliminary injunction issue as prayed for in plaintiff's bill, upon security being entered in the usual manner, in the sum of $5,000.

It is proper to observe that such injunction is only mandatory to the extent of restoring the status quo as it existed on

the 25th day of October last, three days before the filing of
this bill.

                              Decree reversed.

