## STATE EX REL. MINNESOTA NATIONAL BANK OF DULUTH v. DISTRICT COURT FOURTH JUDICIAL DISTRICT AND OTHERS.[1]

July 12, 1935.

No. 30,462.

[1]Reported in 262 N. W. 155.

See 192 Minn. 602, 258 N. W. 7.

*Jaques & Hudson* and *L. M. Hatlestad,* for relator.

*Willis Doherty,* for respondent Northwestern National Bank of Minneapolis.

*Kellogg, Morgan, Chase, Carter & Headley,* for respondent Equitable Life Assurance Society of the United States.

STONE, JUSTICE.

Original proceeding for a writ of prohibition against the district court of the fourth judicial district, for Hennepin county, its judges and others, to forbid their proceeding with an action for an injunction to stay proceedings in litigation pending in the eleventh judicial district for the county of St. Louis.

The controversy involves insurance on the life of Louis Rouchleau, who died in 1932. In April, 1934, the Minnesota National Bank of Duluth (which will be referred to for convenience as the Duluth bank), as guardian of the estate of Laura Lou Rouchleau, a minor, commenced an action in the district court of St. Louis county to recover on a policy of insurance issued by the Equitable Life Assurance Society of the United States. The Society (as it will hereafter be called), admitting its liability on the policy in the sum of $25,194.65, on motion, asked leave to pay that sum into court. In support of the motion it made a showing that the Northwestern National Bank of Minneapolis (hereinafter to be referred to simply as the Minneapolis bank), was asserting a claim as a creditor of Louis Rouchleau to the proceeds of the insurance. That claim, based on 1 Mason Minn. St. 1927, § 3387, was that the premiums on the insurance were paid in fraud of creditors. If that claim was well founded, the Minneapolis bank would succeed, it may be assumed, in its claim to an amount of the proceeds of the insurance equal to the premiums.

The Minneapolis bank was thereupon interpleaded as an additional defendant in the case in St. Louis county. It appeared and demanded a change of venue. Being refused, it attempted by *mandamus* from this court to compel the change. It was unsuccessful. State ex rel. Northwestern Nat. Bank of Minneapolis v. District Court, 192 Minn. 602, 258 N. W. 7. After that decision and in March of this year, proceeding upon motion and order to show cause, the Minneapolis bank procured from the district court of Hennepin county (the Honorable Horace D. Dickinson, Judge) a writ of temporary injunction against the Duluth bank, the Society, and "all beneficiaries and all persons claiming any right to the proceeds of the life insurance policies upon the life of Louis Rouchleau, deceased," the effect of which was to restrain all of their "agents and attorneys * * * from taking any further proceedings * * * and from continuing any further proceedings" in the St. Louis county case.

The present proceeding goes upon the proposition for relator, the Duluth bank, that the Hennepin county court was without jurisdiction to enjoin further proceedings in the St. Louis county case.

For the Minneapolis bank as one of the respondents, there is much argument, stressed as conclusive, about an action commenced by it in Hennepin county February 3, 1933, over a year before the Duluth bank sued the Society in St. Louis county. The reasons for a delay of two years in bringing that Hennepin county suit to trial do not appear. It is said to be on a "general creditors' bill" on behalf of the Minneapolis bank and "all others [creditors of Louis Rouchleau, deceased] similarly situated who desire to contribute to its maintenance and be made parties hereto for the purpose of participating in the benefits." That argument is without support because there is no record before us showing the nature of the Hennepin county action. We can only conjecture whether the policy sued on at Duluth was mentioned in the complaint. What is very important is the absence of anything to show that either the Duluth bank, as the guardian of Laura Lou Rouchleau, or its ward was ever made a party thereto.

1. The case is before us without any return to the alternative writ and order to show cause. The notion is wholly erroneous that the relator or its attorneys were under any duty to make the return. The statute, 2 Mason Minn. St. 1927, § 9735, declares that the return "shall be made by" the court or officer to whom the alternative writ is directed. Obedience to that demand "may be enforced by attachment." See Dayton v. Paine, 13 Minn. 454, 455 (493). As said there, a party litigant "is not required or permitted to make a return." But that does not relieve his counsel from the practical necessity of seeing to it that a return is made.

There being no return, our inquiry is directed solely to the question whether the petition makes such showing as to require that an absolute writ of prohibition issue.

2. It is urged also that a writ of absolute prohibition should not issue because it does not appear that the petitioner has "first applied to the lower court for relief and there raised the question of jurisdiction and was denied relief." There is such a rule and a good one. But it is one of practice and not of jurisdiction. Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 141, 10 L. R. A. 627, 18 A. S. R. 192. The thought is as there expressed [84 Cal. 404] that "the interest of the public in preventing unnecessary litigation, as well as consideration for the judge of the lower court, demand that the objection should be made at the first opportunity."

In such matters the interests of the litigants are to be first considered. They should not be subjected to useless delays, fruitless proceedings, and avoidable expense out of slavish devotion to a mere rule of procedure. Having the jurisdiction, we should take that course which will as far as possible prevent futile and avoidable delay. As already noted, the Hennepin county action has been pending untried for over two years. The abortive attempt to secure a change of venue in the St. Louis county action was unjustified. It may be that if the Minneapolis bank had instead moved for a change of venue upon the ground of convenience of witnesses and the interests of justice (2 Mason Minn. St. 1927, § 9216[4]), it could have made a convincing showing. No such attempt was made, and so the two cases drag on with no promise of early

termination for or against anyone. The situation is particularly intolerable to the Society because seemingly it is ready to pay into court the proceeds of the policies on which it is being sued. In that posture of the litigation, it is our duty to go as far as our power permits and the opportunity offers to put both cases on the way to trial and decision. Realizing that the question of its jurisdiction was not presented to the Hennepin county court, we must yet, with the utmost deference to that tribunal, pronounce the judgment which the merits require.

3. Of the suit and its involved issues between the Duluth bank as guardian of Laura Lou Rouchleau and the Society, wherein the Minneapolis bank was impleaded as a defendant, the St. Louis county court was the first to acquire jurisdiction. Neither the Duluth bank as guardian nor its ward, Laura Lou Rouchleau, is a party to the action in Hennepin county, which arises, it seems, under other policies. The rule is that:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coördinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results." 15 C. J. p. 1134.

That rule was applied in Curtis v. Hutchinson, 126 Minn. 264, 267, 148 N. W. 66, 67, as between a municipal court and a district court. "The former obtained jurisdiction before the latter and, under a familiar principle, retained it, with the right to proceed to final determination without interference by the latter." See also Jacobs v. Fouse, 23 Minn. 51.

Our district courts have concurrent jurisdiction. In spite of the theory that they constitute but one court, 2 Dunnell, Minn. Dig.

174

(2 ed. & Supps. 1932, 1934) § 2758, they yet function as independent tribunals. The rule above quoted has typical application to them. It follows too clearly for argument that when one acquires jurisdiction over the subject matter and parties to an ordinary lawsuit that jurisdiction is exclusive. Hence it is an excess of jurisdiction for another court to enjoin its proceeding to trial and decision. The order here did run against the parties, not against the district court of St. Louis county. But it effectively restrains action. It is a bar to further doings by the St. Louis county court. Substance rather than form is determinative, and we must therefore hold that the Hennepin county court had no jurisdiction to make the order in question.

4. It is the rule that prohibition does not lie as a substitute for appeal where an appeal will give adequate remedy. Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 A. S. R. 192; State ex rel. Roberts v. Hense, 135 Minn. 99, 160 N. W. 198. For the reasons already indicated, we do not think that the remedy by appeal is adequate. Altogether too circuitous and unnecessarily cumulative would be the procedure of permitting the injunction action in Hennepin county to proceed and then regulating the relator to its right of appeal. Nothing could be accomplished except further useless delay. We decline to take any avoidable step which will interpose another obstacle to as early a trial and disposal of the issues as can be had.

It follows that the alternative writ of prohibition heretofore issued should be made absolute. And, pursuant to 2 Mason Minn. St. 1927, § 9738, the proceedings already had in the district court of Hennepin county will be annulled.

So ordered.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.