# EDNA BELLOWS v. ORRIN ERICSON.[1]

March 2, 1951.

No. 35,483.

[1]Reported in 46 N. W. (2d) 654.

*Joseph L. Bard* and *Fred Albert,* for relator.
*Van Valkenburg, Blaisdell & Moss,* for respondent.

CHRISTIANSON, JUSTICE.

Petition for a writ of prohibition to restrain the district court of Hennepin county from enforcing an order issued by that court in an equitable action brought by respondent, as plaintiff, against relator, as defendant, to cancel and rescind a lease and conditional sales contract on the ground of fraud and misrepresentation. For convenience, we shall hereinafter refer to respondent and relator as plaintiff and defendant respectively.

The original action arises out of the sale of a Minneapolis restaurant. It was commenced on March 13, 1950, by placing the summons and complaint in the hands of the Hennepin county sheriff for service on defendant.[2] Personal service thereof. was made by the sheriff on March 21, 1950. Defendant answered deny-

[2] M. S. A. 541.12 provides:

*"An action shall be considered as begun* against each defendant *when the summons is* served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him, or is *delivered to the proper officer for such service;* but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made. When an action is begun it shall be deemed pending until the final judgment therein has been satisfied." (Italics supplied.)

ing plaintiff's allegations of fraud and misrepresentation. In addition to the other relief sought, plaintiff seeks by her complaint to recover $1,800 from defendant by way of restitution, and claims a possessory lien upon the personal property covered by the conditional sales contract as security therefor. She also asks that the lien be foreclosed.

The order in question was entered by the district court on May 12, 1950, after a hearing held pursuant to plaintiff's notice of motion duly served on defendant's attorney. No appearance was made by or on behalf of defendant at the hearing. The district court's order reads in part as follows:

"IT IS ORDERED

"That defendant forthwith and within ten (10) days of service of a copy of this order upon him,

"(a) deliver to plaintiff the premises located at 1723 Chicago Avenue, Minneapolis, Minnesota, commonly known as Frankie's Cafe, together with the personal property described in the conditional sales contract between the parties hereto dated March 1, 1950, a copy of which is attached to the complaint on file herein.

"Or in lieu thereof,

"(b) execute, post and deliver to plaintiff a penal bond in the sum of Two Thousand and No/100 ($2000.00) Dollars, conditioned to pay to plaintiff such recovery, including interests and costs, and such attorneys fees as may be allowed, as may hereafter be adjudged due to plaintiff in the above entitled action."

The order was received by the sheriff on May 15, 1950, for service on defendant, and personal service thereof was made on defendant the following day.

Plaintiff's motion was based upon her complaint, her affidavit in support of the motion, and all the files and records in the action. In her affidavit she stated that on March 10, 1950, before the summons and complaint in the action had been issued, she caused her attorneys to write a special delivery letter to defendant wherein the latter was informed that plaintiff had rescinded

the sale of the restaurant property on the grounds of fraud and misrepresentation and demanded return of the purchase money she had paid thereon; that defendant received this letter on the same date but made no reply thereto; that because of this fact plaintiff closed the restaurant on March 13, 1950, and instructed her attorneys to institute suit; that the summons and complaint in said action were prepared on March 13, 1950, and were placed in the hands of the sheriff for service on defendant the same day; that subsequently on March 15, 1950, defendant, without her knowledge or consent, wrongfully broke into said leased premises and took possession thereof and the personal property covered by said conditional sales contract; and that since that date defendant has operated said restaurant business, refusing to surrender possession of the same to plaintiff. Plaintiff further stated on information and belief that defendant was insolvent, and in her affidavit she has itemized a number of defendant's outstanding obligations. She also stated that on April 10, 1950, defendant resold the restaurant and personal property therein contained to persons unknown to her, retained all the proceeds of such sale for himself, and unlawfully dispossessed her from said leased premises; that by reason thereof her rights and security in said property were endangered; and that she had no adequate remedy other than an order of the court requiring defendant to return possession of the property to her or, in lieu thereof, to post a $2,000 bond as sought by her notice of motion.

After the order in question had been issued, defendant moved the court to vacate and set aside said order. Hearing was held on his motion on May 24, 1950, and the court on November 30, 1950, entered its order denying the same. Defendant's counsel stated in an affidavit filed in support of said motion that the personal property in question had been transferred by his client to third parties and that defendant was unable to return said personal property to plaintiff or to post bond in lieu thereof as ordered by the district court. Nothing in the return before us, which includes the district court's original file, indicates that defendant has ever denied by

affidavit or otherwise any of the facts appearing in plaintiff's affidavit. Furthermore, defendant's answer to the complaint has never been filed for record and is not included in the return to this court.

On December 13, 1950, defendant obtained an alternative writ of prohibition from this court restraining the district court and plaintiff from enforcing the order of May 12, 1950, until the further order of this court. Defendant contends that the district court does not have jurisdiction to grant such an order; that the order is not authorized by law; that it is not an appealable order; and that therefore the writ of prohibition heretofore issued by this court should be made absolute. He does not dispute the general jurisdiction of the district court, but maintains that the court exceeded its legitimate power and authority in the issuance of said order.

Plaintiff, on the other hand, contends that the order was a proper exercise of the district court's jurisdiction and was justified for the purpose of preserving the *status quo ante* pending determination of the main action; that prohibition does not lie because the order in question was essentially an order granting a preliminary mandatory injunction and a provisional remedy; that the order in question, as well as the subsequent order refusing to vacate or dissolve the same, were both appealable under § 605.09(2); that the propriety of the court's action in issuing said order cannot be reviewed in these proceedings; that the remedy by appeal was adequate; and that the writ of prohibition should be dissolved.

■ Before a writ of prohibition may issue out of this court, three essentials must be shown to exist: (1) The court, officer, or person against whom it is issued must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power by such court, officer, or person must be unauthorized by law; and (3) the exercise of such power will result in injury for which there is no other adequate remedy at law.[3]

[3] Juster v. Grossman, 229 Minn. 280, 38 N. W. (2d) 832; Nemo v. Hotel & Restaurant Employees' Local No. 556, 227 Minn. 263, 35 N. W. (2d) 337, 811; State ex rel. Roberts v. Hense, 135 Minn. 99, 160 N. W.

A writ of prohibition may not be used to correct errors or reverse illegal proceedings, but is used to prevent or restrain the usurpation by inferior tribunals or by judicial officers of powers which they do not have and to compel them to observe the limits of their jurisdiction.[4] A writ of prohibition does not lie where appeal affords an adequate remedy.[5]

Accordingly, we are not concerned with the propriety of the district court's action except in the jurisdictional sense. Total want of jurisdiction as distinguished from an unjustifiable or erroneous exercise thereof is the sole question here.

■ We agree with plaintiff that the order in question was essentially an alternative temporary mandatory injunction and that both it and the subsequent order refusing to vacate or dissolve the same were appealable under § 605.09(2).

As stated in 3 Dunnell, Dig. § 4467:

"A writ of injunction may be defined as a judicial process, operating in personam, and requiring the person to whom it is directed *to do* or to refrain from doing *a particular thing*. In its broadest sense the process is *restorative* as well as preventive, and it may be used both *in the enforcement of rights* and prevention of wrongs." (Italics supplied.)

1 Joyce, Injunctions, § 97, defines "injunctions" with reference to their nature as follows:

"With reference to their nature, injunctions are divided into two classes, preventive and mandatory. They are more generally preventive than mandatory; they seek to prevent a meditated wrong more often than to redress an injury already done. The injunction decree is sometimes both preventive and mandatory. * * * *A man-*

---

198; State ex rel. Hahn v. Young, 29 Minn. 474, 9 N. W. 737; 5 Dunnell, Dig. & Supp. § 7840.

[4] Juster v. Grossman, *supra;* Dayton v. Paine, 13 Minn. 454 (493); Heinsch v. Kirby, 222 Minn. 352, 24 N. W. (2d) 493.

[5] Juster v. Grossman, *supra;* State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155.

*datory injunction is one which commands the doing of some positive act by the defendant,*[6] which will sometimes change the status of the parties; while a preventive injunction restrains the doing of the thing and preserves the status until the rights of the parties are determined. It would, however, be misleading to say that it is distinctive of a mandatory injunction to change the status of parties, *for very often its most important if not entire effect is to restore the plaintiff to the original situation, * * *."* (Italics supplied.)

Section 484.03 of our statutes provides that the district court shall have power *"to issue writs of injunction,* ne exeat, certiorari, habeas corpus, mandamus, quo warranto, *and all other writs,* processes, and orders *necessary to the complete exercise of the jurisdiction vested in them by law,* including writs for the abatement of a nuisance." (Italics supplied.) Section 585.02 expressly provides for the issuance of temporary injunctions.[7] This court has held under the provisions of § 585.02 that a temporary mandatory injunction may be granted in a proper case.[8] Central Trust Co. v. Moran, 56 Minn.

---

[6] See, 3 Dunnell, Dig. & Supp. § 4468.

[7] "When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief consists wholly or partly in restraining the commission or continuance of some act which, if permitted during the litigation, would work injury to the plaintiff, or *when during the litigation it appears that the defendant* is about to do, or *is doing,* or threatening, procuring, or suffering to be done, *some act in violation of plaintiff's rights respecting the subject of the action, and tending to make the judgment ineffectual, a temporary injunction may be granted to restrain such act.* Where, during the pendency of an action, it appears by affidavit that the defendant threatens or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition." (Italics supplied.)

[8] As stated in 3 Dunnell, Dig. § 4494, a temporary mandatory injunction "ought not to be allowed except in cases of extreme urgency and where it is reasonably certain that the plaintiff will have judgment, and conditions can be imposed safeguarding the defendant." Courts of equity have the power to substitute an *indemnity* bond for an injunction when the ends of justice require it. 28 Am. Jur., Injunctions, § 264.

188, 57 N. W. 471, 29 L. R. A. 212; Bennett v. Fox Film Corp. 149 Minn. 88, 182 N. W. 905.

While courts generally are hesitant to issue preliminary or temporary mandatory injunctions and ordinarily will not issue an injunction the effect of which will be to change the possession of the subject matter of the action pending trial,[9] it frequently has been held that a preliminary or temporary mandatory injunction will lie to require and enforce the restoration of the *status quo ante* where, as here, a party has attempted to gain possession of property pending trial by wrongful or unlawful self-help and the preservation of the *status quo* requires that possession be restored. Easton Pass. Ry. Co. v. City of Easton, 133 Pa. 505, 19 A. 486; Whiteman v. Fayette Fuel Gas Co. 139 Pa. 492, 20 A. 1062; Cooke v. Boynton, 135 Pa. 102, 19 A. 944; Boynton v. Milmo (Tex. Civ. App.) 218 S. W. 510; Obets & Harris v. Speed (Tex. Civ. App.) 211 S. W. 316; Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co. 56 Tex. Civ. App. 611, 121 S. W. 716; Carter v. Warner, 2 Neb. (Unof.) 688, 89 N. W. 747; Hadfield v. Bartlett, 66 Wis. 634, 29 N. W. 639.[10] As this court stated in Central Trust Co. v. Moran, 56 Minn. 188, 196, 57 N. W. 471, 473, 29 L. R. A. 212:

[9] See, Annotation, 32 A. L. R. 894.

[10] The principle underlying these cases is stated by the Pennsylvania court in Fredericks v. Huber, 180 Pa. 572, 575, 37 A. 90, as follows:

"It is true that in order to meet the practices so emphatically condemned by this court * * * equity has been compelled to advance a step, and if necessary to make even preliminary injunctions mandatory, * * *. But such cases are exceptional, and are founded on the fact that there has been * * * 'a race against the law.' Equity regards the substance rather than the form of things, and will not allow itself to be baffled by a wrongful change while its aid is being invoked. The modern cases therefore have established the rule that the status quo which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the chancellor's hand actually reached him. The doctrine is not new, only its application in practice to meet the efforts of those who endeavor to be swifter than justice and the law."

"* * * The administration of justice would be defective, if the court could not, in a proper case, restore the *status quo* pending the action."

■ Although defendant has made no point of the fact and apparently the question was not raised or considered in the court below, it appears from the record before us that the order in question was issued without a bond being filed as required by § 585.04. Section 585.04 provides in part as follows:

"When not otherwise especially provided by law, the applicant for the writ, *before the same issues,* shall give a bond in the penal sum of at least $250.00, executed by him or some person for him as principal, approved by the court or judge, conditioned for the payment to the party enjoined of such damages as he shall sustain by reason of the writ, if the court finally decides that the party was not entitled thereto." (Italics supplied.)

Its provisions are mandatory. The district court has no discretion in the matter. As stated in Independent School Dist. No. 35 v. Oliver I. Min. Co. 169 Minn. 15, 23, 208 N. W. 952, 955:

"* * * the discretion originally exercised by courts of equity in granting temporary injunctions without protecting the party enjoined against loss, has been circumscribed by statute. After hearing is had, the law requires the bond to be filed before the writ issues (G. S. 1923, § 9388 [M. S. A. 585.04]). The amount of the bond above $250 still rests within the discretion of the court. But it is clear that such discretion must be exercised with a view to protect the one enjoined against the probable loss that he may sustain, if it be finally determined that the injunction should not have issued."

If the question of the issuance and enforcement of the order in question were not one that went to the jurisdiction of the district court, the writ of prohibition would be denied. However, no bond having been given by plaintiff as required by § 585.04, the district

court did not have jurisdiction to *issue* said order.[11] Having no jurisdiction to issue such an order or writ, its order is a nullity and unenforceable. [12] In re Cattell, 146 Ohio St. 112, 64 N. E. (2d) 416, 164 A. L. R. 312.

■ It is conceded that the district court is about to compel defendant to comply with said order. It appears that in *issuing* the same, the district court exceeded its legitimate power and authority. In our opinion, the remedy of appeal would be inadequate, because it would result in burdensome and useless delay in a matter certain to involve personal rights and liberty unless enforcement of the unlawfully issued order were restrained. In Huhn v. Foley Bros. Inc. 221 Minn. 279, 286, 22 N. W. (2d) 3, 8, this court said:

"Prohibition is not a writ of right, but, in the absence of another legal remedy which is reasonably efficient and adequate, issues in the discretion of the court to prevent an inferior tribunal from proceeding in a matter over which it is wholly without jurisdiction *or in which it is exceeding its legitimate power and authority. It is a writ of prevention and not of correction.*" (Italics supplied.)

See, also, Kienlen v. Kienlen, 227 Minn. 137, 34 N. W. (2d) 351; State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155.

---

[11]State ex rel. St. Ferdinand Sewer Dist. v. McElhinney, 330 Mo. 1063, 52 S. W. (2d) 400, 83 A. L. R. 202 (writ of prohibition); In re Cattell, 146 Ohio St. 112, 64 N. E. (2d) 416, 164 A. L. R. 312 (writ of habeas corpus). See, Indianapolis Dairymen's Co-op. Inc. v. Bottema, 226 Ind. 260, 79 N. E. (2d) 409 (appeal from orders granting temporary injunction and overruling motion to dissolve it).

[12]M. S. A. 588.01, subd. 3(3), reads as follows:

"Constructive contempts are those not committed in the immediate presence of the court, and of which it has no personal knowledge, and may arise from any of the following acts or omissions:

\* \* \* \* \*

"(3) Disobedience of any *lawful* judgment, order, or process of the court;" (Italics supplied.)

See, Annotation, 12 A. L. R. (2d) 1059, 1093.

The three essentials for the issuance of a writ of prohibition are present here. Accordingly, the writ heretofore issued is made absolute without costs or disbursements to defendant.[13] Pursuant to § 587.05, the order issued by the district court bearing the date of May 12, 1950, is annulled.

So ordered.

---

[13]See, Nemo v. Hotel & Restaurant Employees' Local No. 556, 227 Minn. 263, 272, 35 N. W. (2d) 337, 811, and Muirhead v. Johnson, 232 Minn. 408, 413, 46 N. W. (2d) 502, 506 (both upon appeal from clerk's taxation of costs).

