**BECKER COUNTY WELFARE DE-
PARTMENT and Carol Ann Van
Wert, Respondents,**

v.

**Raymond J. BELLCOURT, Appellant.**

No. CX-89-1670.

Court of Appeals of Minnesota.

April 3, 1990.

Review Denied May 23, 1990.

Hubert H. Humphrey, III, Atty. Gen.,
Craig Anderson, Sp. Asst. Atty. Gen., St.
Paul, John E. Pearson, Becker County
Atty., Detroit Lakes, for respondents.

Edward M. Peterson, Jr., Grand Forks,
N.D., for appellant.

Considered and decided by WOZNIAK,
C.J., and RANDALL and
SCHUMACHER, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Raymond J. Bellcourt challenges the trial court's exercise of jurisdiction and adjudication of Bellcourt as the father of respondent Carol Ann Van Wert's child. We affirm.

## FACTS

In February 1977, Van Wert gave birth to a son and began receiving AFDC from respondent Becker County Welfare Department (Becker County). Van Wert, her child, and Bellcourt are all enrolled members of the Minnesota Chippewa Tribe and the White Earth Band of Chippewa Indians and all reside on the White Earth Reservation.

In July 1986, Becker County commenced a paternity action against Bellcourt in a Becker County court. Results of a blood test showed that he could not be excluded as the father of the child and the likelihood of his paternity was 99.985%.

In response to a motion for contempt, Bellcourt moved to dismiss for lack of subject matter jurisdiction. The trial court denied his motion. After a trial on stipulated facts, the court concluded that he was the father of the child and awarded custody to Van Wert.

The trial court, in an amended judgment, also awarded judgment to Becker County in the amount of $2,214.87 for expenses of pregnancy and for unpaid child support. The court also ordered Bellcourt to pay ongoing support in the amount of $65 per month. Bellcourt appeals on the sole issue of subject matter jurisdiction.

## ISSUE

Did the trial court properly exercise jurisdiction over Becker County's action to establish paternity of Bellcourt?

## ANALYSIS

■ A reviewing court is not bound by a trial court's legal conclusions and, thus, will make its own determination on jurisdictional questions. *See Desjarlait v. Desjarlait,* 379 N.W.2d 139, 141 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Jan. 31, 1986). Bellcourt challenges the trial court's exercise of subject matter jurisdiction because both he and Van Wert are Chippewa Indians.

■ Historically, Indian country was beyond the judicial jurisdiction of state governments. *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering,* 476 U.S. 877, 879, 106 S.Ct. 2305, 2307, 90 L.Ed.2d 881 (1986). Absent acts of Congress, the test for determining if a state court has jurisdiction is "whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them." *Williams v. Lee,* 358 U.S. 217, 220, 79 S.Ct. 269, 271, 3 L.Ed.2d 251 (1959).

Becker County argues that Public Law 280 confers jurisdiction on state courts in this case. Public Law 280 largely eliminated federal restrictions on state jurisdiction. *See* Act of Aug. 15, 1953, c. 505, 67 Stat. 589 (codified as amended at 28 U.S.C.A. § 1360 (West 1976 & Supp.1989)). It authorizes state court assumption of jurisdiction over civil causes of action in Minnesota to which Indians are parties. Civil laws that are of "general application to private persons or private property" have full force and effect in Indian country. 28 U.S.C.A. § 1360(a) (Supp.1989). Civil laws of general application include laws of "contract, tort, marriage, divorce, insanity, descent, etc." *Bryan v. Itasca County, Minnesota,* 426 U.S. 373, 384 n. 10, 96 S.Ct. 2102, 2108–09 n. 10, 48 L.Ed.2d 710 (1976) (quoting Israel & Smithson, *Indian Taxation, Tribal Sovereignty and Economic Development,* 49 N.D.L. Rev. 267, 296 (1973)). The statute does not, however, confer general civil regulatory control over Indian reservations. *Bryan,* 426 U.S. at 384, 96 S.Ct. at 2108–09 (no power to tax); *see also California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 107 S.Ct.

1083, 94 L.Ed.2d 244 (1987) (no power to regulate gambling).

Bellcourt argues that Becker County's involvement in an action to establish paternity and collect child support falls outside Pub.L. 280's grant of jurisdiction to state courts. He maintains that the collection of AFDC reimbursement is regulatory in nature, analogous to a tax. Consequently, under *Bryan,* jurisdiction would rest with the federal or tribal courts.

To support his position, Bellcourt relies wholly on *State ex rel. Department of Human Services v. Whitebreast,* 409 N.W.2d 460 (Iowa 1987). In *Whitebreast,* a divided Iowa Supreme Court concluded that statutes permitting the state to seek reimbursement of assistance and future child support were regulatory and similar to a tax. Thus, the state's action did not fall within Pub.L. 280's grant of jurisdiction to state courts. *Id.* at 464.

We are unpersuaded by the reasoning in *Whitebreast.* While chapter 256 of Minnesota Statutes regarding AFDC does contain some regulatory aspects, in a paternity action, the county is only acting on behalf of a private party who has assigned her rights to establish paternity and recover child support. *See* Minn.Stat. §§ 256.74, subd. 5, 257.57, subd. 3 (1988).

Furthermore, the legislative history of Pub.L. 280 indicates that the statute was intended to redress the lack of adequate Indian forums. *Bryan,* 426 U.S. at 383, 96 S.Ct. at 2108. Here, the constitution of the Minnesota Chippewa tribe does not presently authorize creation of tribal courts to deal with domestic relations matters. Moreover, contrary to Bellcourt's assertion, neither 42 U.S.C. § 660 nor the Indian Child Welfare Act, 25 U.S.C. §§ 1901–1963, gives federal courts jurisdiction over paternity and child support actions such as the present one.

Thus, even though the tribe has a strong interest in self-governance and in determining the parentage of Indian children, Congress cannot have intended that there be no forum to execute the AFDC reimbursement program it mandates. *See* 42 U.S.C.A. §§ 651–665 (West 1983 & Supp.1989).

Therefore, the trial court properly exercised jurisdiction over this action pursuant to Pub.L. 280.

Affirmed.