**STATE of Minnesota, Respondent,**

v.

**Michelle Lynn LaROSE, Appellant.**

**No. CX–95–1824.**

Court of Appeals of Minnesota.

Feb. 13, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Earl E. Maus, Cass County Attorney, Karlene F. Melhus, Assistant County Attorney, Walker, for respondent.

Jay E. Sommer, Pine River, for appellant.

Considered and decided by CRIPPEN, P.J., and AMUNDSON and WILLIS, JJ.

## OPINION

WILLIS, Judge.

Michelle Lynn LaRose appeals her conviction for trespass, arguing that the district court erred by denying her motion to dismiss for lack of subject matter jurisdiction.

## FACTS

The Cass County Sheriff's Department issued appellant Michelle Lynn LaRose two citations for violating Minnesota's trespass law, Minn.Stat. § 609.605, subd. 1(b)(4) (1994). LaRose allegedly trespassed in a rental unit located within the Leech Lake Indian Reservation. The Leech Lake Reser-

vation Housing Authority owned and operated the unit on land held in trust by the federal government for the Minnesota Chippewa Tribe. LaRose is an enrolled member of the Leech Lake Band of the Minnesota Chippewa Tribe.

LaRose moved to dismiss the citations, arguing that the district court lacked subject matter jurisdiction because the alleged offense took place within the reservation and was committed by a Native American. The district court denied LaRose's motion to dismiss, and the case proceeded to trial. A jury convicted LaRose of misdemeanor trespass.

## ISSUE

Does a state court have subject matter jurisdiction over a criminal trespass action against a member of the Minnesota Chippewa Tribe for an alleged offense that occurred within the Leech Lake Indian Reservation?

## ANALYSIS

■ This court is not bound by and need not give deference to a district court's legal conclusions. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). On review, this court decides jurisdictional questions de novo. *Becker County Welfare Dep't v. Bellcourt,* 453 N.W.2d 543, 544 (Minn.App.1990), *review denied* (Minn. May 23, 1990).

■ State laws "may be applied to tribal Indians on their reservations if Congress has expressly so provided." *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 207, 107 S.Ct. 1083, 1087, 94 L.Ed.2d 244 (1987), *superseded on other grounds by* 25 U.S.C. §§ 2701–2721 (1994). In a statute commonly referred to as Public Law 280, Congress expressly granted six states, including Minnesota, criminal jurisdiction over certain Indian country[1] within those states:

Each of the States * * * listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed * * * to the same extent that such State * * * has jurisdiction over offenses committed

elsewhere within the State * * *, and the criminal laws of such State * * * shall have the same force and effect within such Indian country as they have elsewhere within the State * * *:

* * *

Minnesota * * * All Indian country within the State, except the Red Lake Reservation.

18 U.S.C. § 1162 (1994). Public Law 280 also allows states to apply civil laws "that are of general application to private persons or private property" on Indian reservations. 28 U.S.C. § 1360 (1988).

■ To be enforceable on a reservation under the criminal offense portion of Public Law 280, a state law must be "criminal/prohibitory" and not "civil/regulatory." *Cabazon,* 480 U.S. at 209–10, 107 S.Ct. at 1088–89. In *Cabazon,* the Supreme Court established a shorthand test for determining whether a state law is criminal/prohibitory or civil/regulatory:

[I]f the intent of a state law is generally to prohibit certain conduct, it falls within Pub.L. 280's grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and Pub.L. 280 does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State's public policy.

*Cabazon,* 480 U.S. at 209, 107 S.Ct. at 1088. Thus, a law is not criminal/prohibitory within the meaning of Public Law 280 simply because it is enforceable by both criminal and civil means. *Id.* at 211, 107 S.Ct. at 1089.

■ Under Minnesota law, it is a misdemeanor intentionally to

occup[y] or enter[ ] the dwelling or locked or posted building of another, without claim of right or consent of the owner or the consent of one who has the right to give consent, except in an emergency situation.

Minn.Stat. § 609.605, subd. 1(b)(4) (1994). The trespass statute prohibits, rather than

1. "Indian country" includes "all land within the limits of any Indian reservation under the juris-

diction of the United States Government * * * ." 18 U.S.C. § 1151 (1994).

regulates, entry or occupancy of another's dwelling or building. It excepts only persons having a claim of right, having an owner's consent, or facing an emergency situation. *Id.* Under the "shorthand test" of *Cabazon,* the conduct described by the statute violates the state's public policy of protecting the owners of real property rights from interference with those rights. The legislature established this policy by imposing criminal misdemeanor and gross misdemeanor penalties for 12 different acts defined as trespassing by Minn.Stat. § 609.605.

LaRose argues that the trespass statute is merely an extension of the state's regulation of real property ownership and occupancy. She argues that Minnesota generally permits property occupancy, but regulates it with specific guidelines. She points to laws regarding tenant relations, adverse possession, contracts for deed, and mortgage foreclosure. Minnesota's criminal trespass statute, however, is distinguishable from such regulatory laws in that it prohibits certain conduct: entering or occupying another's property. *See* Minn.Stat. § 609.605, subd. 1(b)(4). It also serves punitive and deterrent ends not served by the regulatory property laws to which LaRose points. The statute, therefore, is criminal/prohibitory and is enforceable under 18 U.S.C. § 1162.

### DECISION

Minnesota's criminal trespass law is criminal/prohibitory and is therefore enforceable on the Leech Lake Indian Reservation under 18 U.S.C. § 1162. The district court correctly concluded that it had jurisdiction over the subject matter of this trespass action.

**Affirmed.**