**Sally A. MATSCH, Respondent,**

v.

**PRAIRIE ISLAND INDIAN COMMUNITY in the State of Minnesota, d/b/a Treasure Island Casino and Bingo, Appellant.**

**No. C5–96–2194.**

Court of Appeals of Minnesota.

July 29, 1997.

Review Denied Sept. 18, 1997.

Craig D. Greenberg, Ronald H. Usem, Huffman, Usem, Saboe, Crawford & Greenberg, P.A., Minneapolis, for Respondent.

Joseph Plumer, Plumer Law Office, Apple Valley, for Appellant.

Considered and decided by PARKER, P.J., and HARTEN and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge. *

Appellant challenges the district court's denial of its motion to dismiss for lack of subject matter jurisdiction and respondent's failure to exhaust tribal court remedies. We reverse and remand.

## FACTS

Respondent Sally A. Matsch is a former employee of appellant Prairie Island Indian Community (the Community), a federally-recognized Indian tribe. In August 1994, Matsch brought suit against the Community in Goodhue County District Court, alleging various employment-related claims. The Community moved to dismiss for lack of subject matter jurisdiction. In December 1994, the district court determined (1) it had subject matter jurisdiction over the dispute; (2) the Community had waived its sovereign immunity; and (3) because the tribal court had concurrent jurisdiction, Matsch must first exhaust her tribal court remedies. The court dismissed Matsch's claims without prejudice. Neither party appealed this decision.

In January 1995, Matsch refiled her complaint in tribal court. The Community moved to dismiss on the ground that the tribe is immune from suit. The motion was argued in April 1995. After hearing nothing from the tribal court for nearly a year, Matsch refiled her action in district court on April 15, 1996. Three days later, the tribal court dismissed the action, concluding the Community was entitled to sovereign immunity. The Community then moved to dismiss

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

the district court action for lack of subject matter jurisdiction and Matsch's failure to exhaust tribal court remedies. The motion was denied on June 14, 1996, and the Community now brings this appeal.

## ISSUE

Did the district court err as a matter of law in denying the Community's motion to dismiss on the grounds that the court lacked subject matter jurisdiction and that Matsch failed to exhaust her tribal court remedies?

## ANALYSIS

■ An order denying a motion to dismiss for lack of jurisdiction is appealable as a matter of right. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 833 (Minn.1995). The jurisdiction of courts is a question of law which this court reviews de novo. *Rice Lake Contracting Corp. v. Rust Env't & Infrastructure, Inc.*, 549 N.W.2d 96, 99 (Minn.App.1996), *review denied* (Minn. Aug. 20, 1996).

■ On appeal, the Community argues that Minnesota courts are precluded by federal law from exercising subject matter jurisdiction over Indian tribes and tribal entities with respect to actions that originate in Indian country. This argument may have merit; however, we choose not to address it at this time. Whether or not the district court properly has concurrent jurisdiction is immaterial to the action in its present posture.

According to the Minnesota Supreme Court:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual colli-

sion and be productive of the most calamitous results."

*State ex rel. Minnesota Nat'l Bank v. District Court, Fourth Judicial Dist.*, 195 Minn. 169, 173, 262 N.W. 155, 157 (1935) (quoting 15 *C.J. Courts* § 583 (1918)). The court went on to say:

It follows too clearly for argument that when one acquires jurisdiction over the subject matter and parties to an ordinary lawsuit that jurisdiction is exclusive.

*Id.* at 174, 262 N.W. at 157.

The same is true here. The district court, in its initial order, declined to exercise its jurisdiction and dismissed the action. Once Matsch refiled her action in the tribal court and the tribal court exercised its jurisdiction, the district court no longer was at liberty to interfere with the tribal court action. Despite the district court's declaration that it had concurrent jurisdiction, the district court could only continue to hear this matter if the tribal court declined to exercise its jurisdiction, which the tribal court did not do. The district court, therefore, was in error in determining, by its dismissal of the Community's motion, that it could continue to hear Matsch's claim.

■ The Community also argues that the district court action must be dismissed because it allows Matsch to circumvent the tribal appellate process. Matsch, on the other hand, contends that exhaustion of tribal court remedies is not required because the Community's exhaustion assertion is made in bad faith and for purposes of harassment. Matsch further contends that any further proceedings in tribal court would be futile because of jurist impartiality.

■ A party challenging a decision of a tribal court is required to exhaust all tribal court remedies. *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856–57, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985). Exhaustion of tribal court remedies includes tribal appellate court review.

The federal policy of promoting tribal self-government encompasses the development of the entire tribal court system, including

appellate courts.[1] At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts.

*Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 16–17, 107 S.Ct. 971, 977, 94 L.Ed.2d 10 (1987). Exhaustion of tribal court remedies is not required, however, where

> an assertion of tribal jurisdiction "is motivated by a desire to harass or is conducted in bad faith," or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction.

*Id.* at 19 n. 12, 107 S.Ct. at 978 n. 12 (quoting *National Farmers,* 471 U.S. at 856 n. 21, 105 S.Ct. at 2454 n.21).

The district court, by its order denying the Community's motion to dismiss, implied that Matsch had exhausted her tribal court remedies. By so doing, the district court was deciding a legal issue that properly should be before a tribal appellate court. We know of no legal authority that extends to state courts' appellate rights and powers over an Indian tribal court. Only federal courts have jurisdiction to hear tribal court appeals, and then only on certain limited matters. *See Iowa Mut.,* 480 U.S. at 19, 107 S.Ct. at 978 (tribal court's determination of tribal jurisdiction is ultimately subject to review in federal court).

Whether the delay in receiving the tribal court order or the alleged lack of jurist impartiality makes further appeal to the tribal appellate court futile is not a decision for the district court, or for this court, to make. If Matsch wishes to challenge the tribal court decision, she must either appeal the decision to the tribal appellate court [2] or, in the alternative, petition the federal district court for a determination as to whether further tribal court appeal is futile.

Matsch argues that any further proceedings in tribal court would violate her constitutional protection. We disagree. Matsch has not been denied her day in court. Her action was heard and decided by the Indian tribal court. *See Bank of Okla. v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1169 (10th Cir.1992) (relegation of claim to tribal court did not constitute denial of due process). Should she disagree with the tribal court's determination, she has recourse in either the tribal appellate court or in federal court.

Matsch's request for attorney fees in this matter is denied.

## DECISION

The district court erred in denying the Community's motion to dismiss Matsch's complaint. Once Matsch refiled her case in tribal court and the tribal court accepted jurisdiction, the district court was no longer at liberty to interfere with the action. Nor does the district court have authority to determine whether Matsch has exhausted her tribal court remedies. If Matsch wishes to challenge the tribal court's decision, she must either appeal the decision to the tribal appellate court or petition the federal district court for a determination as to whether further tribal court appeal is futile. Accordingly, we reverse the decision of the district court and remand for dismissal.

**Reversed and remanded.**

---

1. We note that the unexplained and inordinate delay in ruling on the motion to dismiss does not promote tribal self-government, development of the tribal court system, or confidence in the court system.

2. We note that by failing to timely appeal the tribal court decision, Matsch may have lost her right to appeal to the tribal appellate court.