# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3952

_____

| | |
|---|---|
| Joseph Baldwin Campbell, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the District |
| | * of Minnesota |
| T.J. Sletten and Ben Nibbe, | * |
| | * [UNPUBLISHED] |
| Appellees. | * |

_____

Submitted: June 15, 1999
Filed: November 4, 1999

_____

Before HANSEN, MAGILL, Circuit Judges, and JONES[1], District Judge.

_____

PER CURIAM.

Joseph Campbell brought this action pursuant to 42 U.S.C. § 1983 alleging Red Wing Police Lieutenant T.J. Sletten and Goodhue County Deputy Sheriff Ben Nibbe arrested him in violation of the Fourth and Fourteenth Amendments. The district court[2]

_____

[1]The Honorable John B. Jones, United States District Judge, United States District Court for the District of South Dakota, sitting by designation.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

granted summary judgment in favor of Sletten and Nibbe on the basis of qualified immunity. We affirm.

Campbell, an enrolled member of the Prairie Island Indian Community ("Prairie Island") in Minnesota, held a land assignment from Prairie Island. Prairie Island sought to obtain Campbell's land assignment to build an administrative building. In May 1993, Campbell entered into an agreement with Prairie Island to convey his land assignment to Prairie Island in exchange for employment and a replacement land assignment. Campbell believed Prairie Island breached the agreement and he refused to move from his land assignment.

Sletten and Nibbe went to the property to serve Campbell with a trespass notice from Prairie Island. When the officers served Campbell with the trespass notice, he turned around to reenter his home on the land. The officers each grabbed one of Campbell's arms. Campbell jerked away, causing the officers to fall to the ground. Campbell also ordered his dog to defend him, which the dog did by barking and approaching the officers, but not biting the officers. The officers arrested Campbell for trespass and obstructing legal process under Minnesota law.

To withstand a motion for summary judgment on the grounds of qualified immunity,

> a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated [the] plaintiff's clearly established right.

Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir.), cert. denied, 519 U.S. 1011 (1996). A person has "a clearly established right under the Fourth Amendment not to be arrested unless there [is] probable cause for [the] arrest." Id. In the context of deciding whether the law enforcement officers are entitled to qualified immunity, the

issue "is not probable cause in fact but arguable probable cause." Myers v. Morris, 810 F.2d 1437, 1455 (8th Cir.), cert. denied, 484 U.S. 828 (1987). The question for immunity purposes thus becomes "whether the officer should have known that the arrest violated plaintiff's clearly established right." Habiger, 80 F.3d at 295. The qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). If an officer had probable cause to arrest an individual for committing a certain crime it is immaterial that the officer thought, even mistakenly, that he had probable cause to arrest the individual for a second crime. Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1080 (8th Cir. 1990).

We conclude Sletten and Nibbe had arguable probable cause to arrest Campbell for criminal trespass.[3] Sletten and Nibbe separately investigated the situation and relied upon a facially valid trespass notice. After Sletten and Nibbe served Campbell with the trespass notice and requested that he vacate the premises, Campbell refused to leave the property. Moreover, Sletten and Nibbe had probable cause to arrest Campbell for obstruction of legal process under Minnesota law[4] when he pulled away from the officers causing them to fall to the ground and ordered his dog to defend him after the officers instructed Campbell to vacate the premises. We agree with the district court's conclusion that Sletten and Nibbe are entitled to qualified immunity in this action.

---

[3]Minnesota law provides that it is illegal to intentionally "trespass[] on the premises of another and, without claim of right, refuses to depart from the premises on demand of the lawful possessor." Minn. Stat. § 609.605(b). Minnesota's criminal law is enforceable on the Prairie Island Indian Community. See 18 U.S.C. § 1162(a); State v. LaRose, 543 N.W.2d 426 (Minn. Ct. App. 1996).

[4]Minnesota law provides that a person obstructs legal process and is subject to criminal penalties when he "obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties." Minn. Stat. § 609.50.

The district court's judgment is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.