**Wanda Lea LEMKE, as Trustee for the Heirs and Next of Kin of Kinscem TETA, Respondent,**

v.

**Dean Lawrence BROOKS, Appellant.**

**No. C1–00–187.**

Court of Appeals of Minnesota.

July 18, 2000.

Review Granted Sept. 27, 2000.*

* GILBERT, J., took no part in the consideration or decision of this case.

Ronald I. Meshbesher, Daniel J. Boivin, Meshbesher & Spence, Ltd., and Ronald H. Usem, Craig D. Greenberg, Huffman, Usem, Saboe, Crawford & Greenberg, P.A., Minneapolis, for respondent.

Paul A. Banker, Lindsay G. Arthur, Jr., Arthur, Chapman, Kettering, Smetak & Pikala, P.A., and James M. Genia, Lockridge Grindal Nauen, P.L.L.P., Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, RANDALL, Judge, and PARKER, Judge.

## OPINION

EDWARD J. PARKER, Judge.[**]

Dean Brooks appeals from the district court order denying his motion to dismiss for lack of subject-matter jurisdiction, contending respondent was first required to exhaust tribal court remedies. We affirm.

## FACTS

Decedent Kinscem Teta and Brooks were the parents of a young child, Alicia. Brooks and his daughter are enrolled members of the Shakopee Mdewakanton Sioux (Dakota) Community, a federally recognized Indian tribe. In December 1997, Brooks shot decedent while on Indian land, and her body was found in Minneapolis in January 1998. In November 1998, Brooks pled guilty to second-degree murder and was sentenced to 36 years in prison. Brooks has since petitioned for postconviction relief, contending he was incompetent to stand trial and enter a guilty plea by reason of mental illness.

Respondent Wanda Lemke is decedent's mother and Alicia's grandmother. She sued Brooks in Hennepin County District Court, as trustee for decedent's heirs and next of kin, to recover damages for her daughter's wrongful death pursuant to Minn.Stat. 573.02, subd. 1 (1998).

Brooks moved to dismiss the lawsuit for lack of subject-matter jurisdiction, contending that Lemke was first required to exhaust tribal court remedies. Lemke moved to strike Brooks's affirmative defense of lack of subject-matter jurisdiction. The district court denied the motion to dismiss and granted Lemke's motion to strike. Brooks appeals.

## ISSUE

Must Lemke exhaust tribal remedies before the state court may assume jurisdiction?

## ANALYSIS

■ Subject-matter jurisdiction is a question of law that this court will review de novo. *Becker County Welfare Dep't v. Bellcourt,* 453 N.W.2d 543, 544 (Minn.App. 1990), *review denied* (Minn. May 23, 1990).

■ "Indian tribes retain 'attributes of sovereignty over both their members and their territory.'" *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 207, 107 S.Ct. 1083, 1087, 94 L.Ed.2d 244 (1987) (citation omitted). "[A]bsent a grant of federal authority, state courts have no jurisdiction over Indians, Indian tribes or other Indian entities." *Gavle v. Little Six, Inc.,* 555 N.W.2d 284, 289 (Minn.1996) (citations omitted), *cert. denied,* 524 U.S. 911, 118 S.Ct. 2075, 141 L.Ed.2d 151 (1998); *see Williams v. Lee,* 358 U.S. 217, 222–23, 79 S.Ct. 269, 272, 3 L.Ed.2d 251 (1959) (holding that absent specific authority, state lacked jurisdiction in action by non-Indian against Indian for transaction occurring on reservation).

■ Congress, however, has granted Minnesota, as well as five other states,

[**] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

broad criminal and limited civil jurisdiction over almost all Indian country within the state.[1] Public Law 280 provides that Minnesota has

jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed * * * to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State * * *.

28 U.S.C. 1360(a) (1994). Indian country includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government * * *." 18 U.S.C. 1151(a) (1994). Although this definition of Indian country applies to federal criminal law, the Supreme Court has applied it "to questions of civil jurisdiction." *DeCoteau v. District County Court,* 420 U.S. 425, 427 n. 2, 95 S.Ct. 1082, 1084 n. 2, 43 L.Ed.2d 300 (1975). Minnesota state courts and tribal courts have concurrent jurisdiction over some causes of action arising in Indian country. *Gavle,* 555 N.W.2d at 290–91; *Granite Valley Hotel Ltd. Partnership v. Jackpot Junction Bingo & Casino,* 559 N.W.2d 135, 137 (Minn. App.1997), *review denied* (Minn. Apr. 15, 1997). It is undisputed that Brooks, an Indian, shot decedent, a non-Indian, in Indian country.[2]

■ Brooks contends that the district court should have dismissed this action based on Lemke's failure to exhaust her remedies in tribal court. He relies on the exhaustion doctrine as applied to federal and tribal courts, which generally provides that the tribal court should decide jurisdiction in the first instance. *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 19, 107 S.Ct. 971, 978, 94 L.Ed.2d 10 (1987). If the tribal court finds it has jurisdiction, it may then decide the merits of the case. *Id.* Tribal appellate court review may then follow. *Matsch v. Prairie Island Indian Community,* 567 N.W.2d 276, 278 (Minn. App.1997), *review denied* (Minn. Sept. 18, 1997). Only thereafter may federal courts conduct even limited review of the jurisdictional question. *Iowa Mut.,* 480 U.S. at 19, 107 S.Ct. at 978. There are a few instances in which a party need not exhaust tribal remedies before going to federal court, including when

an assertion of tribal jurisdiction "is motivated by a desire to harass or is conducted in bad faith," or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction.

*National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856 n. 21, 105 S.Ct. 2447, 2454 n. 21, 85 L.Ed.2d 818 (1985) (citation omitted).

■ Different considerations arise when considering the issue as applied to state and tribal courts. Unlike federal courts, state courts do not have jurisdiction to conduct even limited review of tribal court decisions. *Matsch,* 567 N.W.2d at 279. Further, the exhaustion requirement concerns comity rather than subject-matter jurisdiction. *Klammer v. Lower Sioux Convenience Store,* 535 N.W.2d 379, 380 (Minn.App.1995) (citing *Iowa Mut.,* 480 U.S. at 16 n. 8, 107 S.Ct. at 976 n. 8).

---

1. Red Lake Reservation is explicitly excluded from this provision. 28 U.S.C. § 1360(a) (1994). In addition, the state "retroceded all criminal jurisdiction for the Bois Forte Indian Reservation * * * back to the federal government" in 1973. *State v. Stone,* 572 N.W.2d 725, 728 n. 3 (Minn.1997).

2. Lemke disputes on appeal the district court's determination that decedent's death occurred on the reservation. Because Lemke did not file a notice of review, we cannot address this issue. *City of Ramsey v. Holmberg,* 548 N.W.2d 302, 305 (Minn.App.1996), *review denied* (Minn. Aug. 6, 1996).

In determining whether the state district court should assume concurrent jurisdiction, our supreme court has indicated the guiding federal principle is deference. *Gavle*, 555 N.W.2d at 291. Abstention by a state court is appropriate when the exercise of state court jurisdiction "would undermine the authority of the tribal courts" or "infringe on the right of Indians to govern themselves." *Id.* at 292 (citing *Williams*, 358 U.S. at 223, 79 S.Ct. at 272). A non-Indian patron suing a tribal business involving on-reservation activity must exhaust his tribal remedies, notwithstanding state court jurisdiction under Public Law 280, because the lawsuit involved an issue of sovereign immunity. *Klammer*, 535 N.W.2d at 383–84. But where the state district court could resolve contract and apparent authority issues without interfering in matters of tribal self-government, it need not defer to the jurisdiction of the tribal court. *Granite Valley*, 559 N.W.2d at 137–38.

Lemke does not seek damages against a tribe, tribal official, or tribal business, or implicate the sovereign immunity of the tribe. Therefore, the principles expressed in *Gavle* do not require the state district court to defer to the tribal court. *Gavle*, 555 N.W.2d at 289.

Also of significance is the subject matter of the law. *Id.* Under Public Law 280, state civil laws of "general application to private persons" have the same force and effect throughout the state, in both Indian and non-Indian country. 28 U.S.C. 1360(a). Civil laws of general application include areas such as "contracts, tort, marriage, divorce, insanity, descent, etc.," but would not include the state's sovereign powers, such as the power to tax. *Bryan v. Itasca County*, 426 U.S. 373, 384 n. 10, 96 S.Ct. 2102, 2108–09 n. 10, 48 L.Ed.2d 710 (1976).

Brooks asserts that under *State v. Stone*, 572 N.W.2d 725 (Minn.1997), the state may not assume jurisdiction. But *Stone* addressed whether state traffic laws could be enforced against Indians on reservation land, focusing on the issue of whether the laws were regulatory or prohibitory. *Id.* at 729–30. In contrast, the wrongful death statute, Minn.Stat. 573.02, subd. 1, is not a regulatory law, but a civil law of general application to private persons, which has the same effect and application on the reservation as elsewhere. *Bryan*, 426 U.S. at 384 n. 10, 96 S.Ct. at 2108–09 n. 10. Consequently, the district court properly denied Brooks's motion to dismiss for lack of subject-matter jurisdiction.

## DECISION

The decision of the district court denying the motion to dismiss based on lack of subject-matter jurisdiction is affirmed.

**Affirmed.**